Brenda **JANUSH**, Plaintiff,

v.

**CHARITIES HOUSING DE-VELOPMENT CORP.,**
**et al., Defendants.**

**No. C–00–20278 RMW.**

United States District Court,
N.D. California.

June 22, 2000.

Kerstin Arusha, Alison Brunner, SCCBALF Mental Health Advocacy Project, San Jose, CA, for Plaintiff.

Annie Y.S. Chuang, Gabrielle B. Handler, Shook, Hardy & Bacon LLP, San Francisco, CA, for Defendants.

### ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT

WHYTE, District Judge.

The motions of defendants Charities Housing Development Corp. ("CHD"), Sherene Bigelow and Anne Stahr (collectively "defendants") to dismiss and, in the alternative, for summary judgment, were heard by the court on June 16, 2000. The court has read the moving and responding papers and heard the argument of counsel. For the reasons set forth below, the court denies the motions.

### I. FACTUAL BACKGROUND

Plaintiff Brenda Janush ("plaintiff") suffers from a severe mental health disability. Plaintiff's treating psychiatrist, Dr. David Kilgore, has testified that plaintiff's pets, two birds and two cats, lessen the effects of this disability by providing her with companionship and are necessary to her mental health.

On December 6, 1999, plaintiff signed a rental agreement for an apartment in Pensione Esperanza, a low-income apartment building run by CHD, a non-profit corporation affiliated with Catholic Charities of Santa Clara County. Paragraph 23 of the rental agreement contains a "no pets" clause. Plaintiff did not alert CHD to the presence of her animals prior to moving into the apartment on January 2, 2000. On January 10, 2000, a maintenance worker discovered plaintiff's animals in the apartment. Discussions ensued between plaintiff and defendants over whether plaintiff would be allowed to keep the animals in the apartment and under what conditions. The parties disagree as to what offers and counter-offers were made. Essentially, plaintiff alleges that defendants harassed her and refused to offer any reasonable accommodation. Defendants allege that they were willing to accommodate plaintiff's requests, at least in part, but plaintiff refused to provide requested documentation such as proof that the animals had been vaccinated. On February 7, 2000, defendants filed eviction proceedings against plaintiff. On March 26, 2000, plaintiff moved out of Pensione Esperanza.

Plaintiff filed suit on March 10, 2000, principally alleging discrimination based on defendants' refusal to reasonably accommodate plaintiff's disability as required by the Fair Housing Act, as well as other federal and state law causes of action. Defendants now move to dismiss, or in the alternative, for summary judgment.

## II. LEGAL STANDARDS

A court may dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6) for either (1) lack of a cognizable legal theory, or (2) the pleading of insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984). In ruling on a motion to dismiss, the court must assume that plaintiff's allegations are true, must construe the complaint in the light most favorable to the plaintiff, and must resolve any doubt in plaintiff's favor. *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981).

Summary judgment is proper if the record indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[A]t the summary judgment stage the judge's function is not … to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS

### A. Motion to Dismiss

▮▮▮ To establish a prima facie case of housing discrimination based on an alleged "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[,]" 42 U.S.C. § 3604(f)(3), a plaintiff must show that: (1) she suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) defendant knew of the handicap or should reasonably be expected to know of it; (3) accommodation of the handicap "may be necessary" to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation. *See U.S. v. California Mobile Home Park Management Co.,* 107 F.3d 1374, 1380 (9th Cir.1997).

Defendants argue that the core allegation in each of plaintiff's claims is that she was entitled to keep her animals as a reasonable accommodation. (Mot. at 6 n. 2.) Notwithstanding the brevity of defendants' moving papers (three pages of legal argument) and the frankness of their position ("[t]his issue is important to defendants because, given the number of low-income residents they serve, there is a very real risk that the no-pet policy at Pensione Esperanza will be overrun with demands for 'accommodations' by persons who claim to need the companionship of a variety of animals."), (mot. at 7:8–11), defendants have failed to point out which elements of which causes of actions plaintiff has failed to adequately plead. Nor have defendants cited a single case in their moving papers.

The legal basis for defendants' motion appears to be the assertion that Califor-

nia's definition of a "service dog" should be read into the federal statute to create a bright-line rule that accommodation of animals other than service dogs is per se unreasonable. *See* Cal. Civ.Code. § 54.1(b)(6)(C)(iii). Although the federal regulations specifically refer to accommodation of seeing-eye dogs,[1] there is no indication that accommodation of other animals is per se unreasonable under the statute. In fact, the federal regulations provide a broad definition of service animals. "Service animal means any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability...." 28 C.F.R. § 36.104. Even if plaintiff's animals do not qualify as service animals, defendants have not established that there is no duty to reasonably accommodate non-service animals. As plaintiff has adequately plead that she is handicapped, that defendants knew of her handicap, that accommodation of the handicap may be necessary and that defendants refused to make such accommodation, defendants' motion to dismiss is denied.

### B. Summary Judgment

■ Federal law prohibits the failure to reasonably accommodate disabled persons in residential housing. "It shall be unlawful for any person to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling unit, including public and common use areas." 24 C.F.R. § 100.204(a). Whether a particular ac-commodation is reasonable under the circumstances is the type of fact-intensive, case-specific determination that will infrequently be appropriate for resolution on summary judgment. "The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *California Mobile Home Park*, 107 F.3d at 1380. Whether it is a reasonable accommodation for this landlord to allow this disabled tenant to keep animals in an apartment where pets are not generally permitted strikes the court as inappropriate for resolution on summary judgment based on the showing made to date. *See Majors v. Housing Authority of DeKalb County Ga.*, 652 F.2d 454, 457–58 (5th Cir.1981).

■ Moreover, plaintiff has not yet had the opportunity to conduct any discovery. Specifically, plaintiff has not been able to discover the likely costs or administrative burdens that would be imposed on the defendants if they were to accommodate her. Accordingly, plaintiff's Rule 56(f) request to defer resolution of summary judgment until such time as she has had an opportunity to conduct adequate discovery is well taken. Without some evidence as to the burden plaintiff's requested accommodation will impose on defendants, the court is unable to balance that burden against the benefit to plaintiff of the requested accommodation and the court is accordingly unable to make a determination that plaintiff's request is necessarily unreasonable.

The court is not unsympathetic to defendants' concerns regarding a flood of accommodation requests.[2] However, the law

---

1. A blind applicant for rental housing wants live in a dwelling unit with a seeing eye dog. The building has a "no pets" policy. It is a violation of § 100.204 for the owner or manager of the apartment complex to refuse to permit the applicant to live in the apartment with a seeing eye dog because, without the seeing eye dog, the blind person will not have an equal opportunity to use and enjoy a dwelling.
24 C.F.R. § 100.204(b), example 1.

2. The court is also bothered by the fact that plaintiff made no mention of her pets when she moved into the apartment, despite being informed in writing and by video presentation

imposes on defendants the obligation to consider each request individually and to grant requests that are reasonable. Defendants have no obligation to grant unreasonable requests. The court respects defendants' charitable mission, and suspects that the burden of individually considering accommodation requests from disabled tenants and granting reasonable requests will not prevent defendants from fulfilling that mission. Unless a tenant has a disability, the reasonable accommodation issue does not arise.

## IV. ORDER

For the reasons set forth above, defendants' motion to dismiss is denied. Defendant's motion for summary judgment is denied without prejudice to a renewed motion for summary judgment after plaintiff has had an adequate opportunity for discovery.

of the no pet policy. However, the parties have not addressed the legal effect, if any, of

plaintiff's failure to disclose on the viability of her claims.